UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT LEMUS-MORALES,

                Petitioner,

-against-

BOP OFICER OLAJDA AND OFFICER MAKANYA; DEPARTMENT OF JUSTICE,

                Respondents.

22-CV-1050 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at F.C.I. Fairton, located in Fairton, New Jersey, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, alleging that Respondents' carelessness, negligence, and deliberate indifference caused Petitioner to be exposed to the COVID-19 virus during Petitioner's transit through FTC Oklahoma. Petitioner paid the $5.00 filing fee to bring this petition.[1] For the reasons discussed below, the Court denies the petition.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

---

[1] Petitioner filed this petition without the filing fee or a completed and signed request to proceed *in forma pauperis* (IFP), that is, without prepayment of the filing fees. By order dated February 8, 2022, the Court directed Petitioner to either pay the filing fee or submit a completed and signed IFP application. (ECF No. 2.) Petitioner paid the filing fee on March 2, 2022.

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner is currently incarcerated at FCI Fairton, located in Fairton, New Jersey, but when he filed this action, he was incarcerated at FCI Otisville.[2] He brings this petition asserting that, while being transported through FTC Oklahoma, he was exposed to the COVID-19 virus due to Respondents' "carelessness, negligence, and deliberate indifference." (ECF No. 1 at 1.) Petitioner names as Respondents Bureau of Prisons (BOP) Officers Olajda and Makanya, who are employed at FTC Oklahoma, and the United States Department of Justice.

Petitioner seeks to have this Court make a finding that his assertions are true, and he further seeks to have this Court discipline and/or sanction Respondents as it deems appropriate. (*Id.* at 5.)

## DISCUSSION

Federal prisoners challenging the conditions of their confinement and seeking injunctive relief may do so in a petition brought under 28 U.S.C. § 2241. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see, e.g., Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited November 23, 2022.)

vehicle for asserting conditions-of-confinement claims, without limitation"). Petitioner fails, however, to allege facts in support of any claim for injunctive relief under § 2241.

Petitioner brings his claims under Section 2241, but nothing in his submission suggests that he is seeking *habeas corpus* relief under Section 2241. Petitioner does not allege that he is in custody in violation of the Constitution or laws of the United States or that he is challenging his present conditions of confinement, such as the adequacy of medical care, that can be remedied through appropriate injunctive relief. *See Choinski*, 525 F.3d at 209 (reversing dismissal of a § 2241 petition which sought individualized injunctive relief from prison conditions while observing that "[t]his court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfer, type of detention and prison conditions.'") (citation omitted). Rather, Petitioner brings this action naming the two BOP officers and the Department of Justice,[3] and seeking sanctions or disciplinary actions against the officers who were responsible for his transit. Because Petitioner does not allege that he is in custody in violation of the Constitution or laws of the United States or seek relief from alleged constitutional injuries that can be alleviated through *habeas corpus* relief, the Court denies the petition.[4]

---

[3]The two BOP officers and the Department of Justice are not appropriate respondents for a *habeas corpus* action. The only proper respondent for a Section 2241 petition is the petitioner's custodian, a nominal party designated for the government itself. *See, e.g.*, 28 U.S.C. § 2243; *Padilla v. Rumsfeld*, 542 U.S. 426, 435(2004) ("'The writ of *habeas corpus*' acts upon 'the person who holds [the detainee] in what is alleged to be unlawful custody'") (citation omitted).

[4] As Petitioner does not seek damages for the alleged violations, the Court declines to construe his assertions as possible claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. Should Petitioner wish to assert such claims, the Court advises Petitioner that, because his claims allegedly arose in FTC Oklahoma, which is located in the Western District of Oklahoma, venue for such claims would not be appropriately brought in this court. *See* 28 U.S.C. § 1391(b).

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's action cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his pleading.

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   December 19, 2022
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge